United States District Court
Southern District of Texas
**ENTERED**
July 21, 2026
Nathan Ochsner, Clerk

**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF TEXAS**
**HOUSTON DIVISION**

| | | |
|---|---|---|
| **LILI CAROLINA RONDON RIVAS,** | § | |
| **Petitioner,** | § | |
| | § | |
| **VS.** | § | **CIVIL ACTION NO. 4:26-CV-05548** |
| | § | |
| **TODD BLANCHE, *et al.*,** | § | |
| | § | |
| **Respondents.** | § | |

## ORDER

Before the Court is *pro se* Petitioner Lili Carolina Rondon Rivas' Petition for Writ of Habeas Corpus (ECF No. 1) and Respondents' Motion to Dismiss and, in the Alternative, Motion for Summary Judgment (ECF No. 6). For the following reasons, the Court **GRANTS IN PART** the Petition for Habeas Corpus and **DENIES** Respondents' Motion to Dismiss. The Court **DENIES AS MOOT** Petitioner's Motion for Expedited Handling (ECF No. 2).

### I. BACKGROUND

The parties do not dispute the following facts. Petitioner Lili Carolina Rondon Rivas is a citizen of Venezuela who entered the United States without inspection on August 24, 2023. ECF No. 6, Ex. 3 (2023 Notice to Appear). Upon entry, Ms. Rivas was apprehended by border patrol agents and charged with having entered the country without inspection. *Id.* She was issued a notice to appear in removal proceedings before an Immigration Judge (IJ). *Id.* The same day, the Department of Homeland Security (DHS) released Ms. Rivas on an Order of Release on Recognizance (ORR or OREC) pursuant to section 236 of the Immigration and Nationality Act

(INA), or 8 U.S.C. § 1226(a). ECF No. 6, Ex. 4 (ORR). Ms. Rivas has resided in the United States continuously since that time.

In the approximately three years since her release, Ms. Rivas has complied with all conditions of release, save missing one check-in with Immigration and Customs Enforcement (ICE) on January 14, 2026. ECF No. 6, Ex. 1 (Form I-213). However, she voluntarily checked in less than two weeks later on January 27, 2026. *Id*. Ms. Rivas has no criminal history. *Id*.

On May 27, 2026, Ms. Rivas appeared for her next scheduled ICE check-in. *Id*. At this time, the Government re-detained Ms. Rivas. *Id*. She remains in custody. The Government's position is that Ms. Rivas is subject to mandatory detention without bond pursuant to 8 U.S.C. § 1225(b)(2). The Government also contends that Ms. Rivas violated the conditions of her release on recognizance when she was two weeks late to check in with ICE in January of 2026.

Ms. Rivas' removal proceedings are ongoing. She applied for asylum and withholding of removal on February 11, 2025 (ECF No. 6, Ex. 6). Her next immigration court hearing is scheduled for January 26, 2027. ECF No. 6, Ex. 1.

## I. ANALYSIS

Petitioner argues, among other claims, that her re-detention violates her Fifth Amendment right to due process of law. Because the Court agrees that Petitioner's detention violates her procedural due process rights, it declines to address her additional claims.

The Court has recently addressed similar sets of circumstances and concluded that ICE's re-detention of a noncitizen who was previously released on an Order of Release on Recognizance (ORR) without a pre-deprivation hearing or proof of changed individual circumstances

demonstrating that the noncitizen was now a flight risk or danger to the community violated the noncitizen's right to procedural due process. *See Betancourth v. Tate, et al.*, 822 F.Supp.3d 762, 768-770 (S.D. Tex. 2026); *Perea-Berrio v. Tate, et al.*, No. 4:26-CV-01568, 2026 WL 709481 at *3 (S.D. Tex. Mar. 13, 2026); *Alvarez Rico v. Noem, et al.*, No. 4:26-CV-00729, 2026 WL 522322 at * 4-6 (S.D. Tex. Feb. 25, 2026). The Court concludes that the same reasoning applies here.

The only difference between this case and the aforementioned cases is that here, ICE formally revoked Ms. Rivas' ORR on May 27, 2026, citing her failure to comply with the conditions of her release—presumably by failing to attend her ICE check-in on January 14, 2026. *See* ECF No. 6, Ex. 5. But the Court is not persuaded that this failure constitutes an individual changed circumstance demonstrating that Ms. Rivas now presents a risk of flight when DHS previously determined that she did not. While Ms. Rivas did fail to appear for her January 14 check-in she voluntarily checked in with ICE less than two weeks later, likely despite knowing that she was at risk of being taken into custody. Moreover, ICE did not re-detain Mr. Rivas at this time. Ms. Rivas then voluntarily attended her next check-in on May 27, 2026. Petitioner's voluntary appearance at two subsequent ICE check-ins thus defeats any suggestion that her one prior missed appointment—the first missed appointment in three years of release on recognizance—can constitutionally justify her re-detention. This is confirmed by the fact that Respondents waited more than four months from the date of Ms. Rivas' missed check-in to formally revoke her release order.

As to Respondents' additional arguments, the Court has already rejected them. *See Betancourth*, 822 F.Supp.3d at 766-67 (rejecting argument that *Connecticut Dep't of Pub. Safety v. Doe*, 538 U.S. 1, 4 (2003) bars procedural due process claims for noncitizens whom ICE previously released on their own recognizance); *Alvarez Rico*, 2026 WL 522322 at * 2-3 (rejecting

argument that *Dep't of Homeland Sec. v. Thuraissigiam*, 591 U.S. 103 (2020), precludes due process claims by noncitizens statutorily subject to mandatory detention); *Perea-Berrio*, 2026 WL 709481 at *2 (rejecting argument that arbitrary revocation of release does not violate due process because it does not violate the applicable regulation); *id*. at *3 (rejecting argument that immediate release is not an appropriate remedy).

The Court declines to reconsider its prior decisions on this issue. It therefore concludes that Petitioner's re-detention violated her Fifth Amendment right to procedural due process.

The Court therefore **ORDERS** as follows.

1. Respondents are **ORDERED** to release Petitioner from custody within 48 hours pursuant to the terms of her prior release order.
2. Respondents must release Petitioner in a public place within the Southern District of Texas, and must notify her of the time and place of release **no less than three hours** prior to her release from custody. If Petitioner wishes to inform a friend or family member of the time and place of her release, she must be permitted to do so.
3. Respondents may not re-detain Petitioner during the pendency of her removal proceedings absent a pre-detention hearing before an IJ at which the government demonstrates, by clear and convincing evidence, that she is a flight risk or a danger to the community. Respondents similarly may not subject Petitioner to additional conditions of release without a similar hearing at which the government bears the burden of showing why new conditions are necessary.

The Court further **ORDERS** that Respondents file an advisory with the Court **on or before July 24, 2026**, informing the Court of the status of Petitioner's release and the Government's compliance with this order.

**IT IS SO ORDERED.**

Signed at Houston, Texas on July 21, 2026.

Keith P. Ellison
United States District Judge